| | |
|---|---|
| **DISTRICT COURT, GRAND COUNTY, COLORADO**<br>**14TH JUDICIAL DISTRICT**<br>307 Moffat Ave,<br>Hot Sulphur Springs, CO 80451<br><br>**CRAIG CRANSTON & MARJORIE CRANSTON,**<br><br>**PLAINTIFFS,**<br><br>v.<br><br>**STATE FARM FIRE AND CASUALTY COMPANY,**<br><br>**DEFENDANT.** | DATE FILED: April 29, 2022 1:18 PM<br>FILING ID: E3804A9166EDA<br>CASE NUMBER: 2022CV30031<br><br><br><br>▲ **FOR COURT USE ONLY** ▲ |
| ATTORNEY FOR PLAINTIFFS:<br>Natascha O'Flaherty, #22183<br>Never Summer Law, LLC<br>70 E Agate Ave, Unit H<br>Granby, Colorado 80446 | Case Number:<br><br>Div.:          Ctrm: |
| **COMPLAINT AND JURY DEMAND** ||

**COMES NOW** Plaintiffs, Craig Cranston and Marjorie Cranston, by and through their undersigned counsel, and hereby submit this Complaint and Jury Demand against Defendant, State Farm Fire and Casualty Company, as follows:

## PARTIES, JURISDICTION, AND VENUE

1.  Plaintiffs, Craig Cranston and Marjorie Cranston, are individuals domiciled in Colorado (hereinafter "Plaintiffs").

2.  Defendant, State Farm Fire and Casualty Company ("Defendant" or "State Farm"), is a foreign insurance company incorporated in the State of Illinois and authorized to do business in the State of Colorado.

1

3. This Court has subject matter and personal jurisdiction over the parties to this cause of action.

4. A cause of action exists under Colorado state law for claims regarding the conduct complained of herein.

5. Jurisdiction is proper as to Defendant pursuant to Colorado Revised Statutes § 13-1-124(1)(a), (b), and (d) because Defendant conducted the business at issue in this action, committed tortious misconduct and contracted to insure property within Grand County, Colorado.

6. Venue is proper pursuant to Col.R.Civ.P. 98 because the events which constitute the basis of this Complaint and Jury Demand, including, but not limited to, the formation of the insurance policy and location of the property in question, occurred in Grand County, Colorado.

## FACTUAL ALLEGATIONS

7. At all times material hereto, Plaintiffs were the owners of the real property located at 598 County Road 413, Grand Lake, Colorado 80447 (the "Property").

8. At all times material hereto, the Property was the primary residence of the Plaintiffs.

9. Plaintiffs purchased an all-risk- replacement cost value, Colorado Homeowners Policy of insurance from State Farm under Policy Number 06KB18422 (the "Policy").

10. The Policy included the following applicable coverages:

   a. Dwelling:                              $1,023,302
   b. 20% Increased Dwelling:                $204,660.40
   c. Dwelling Extension:                    $102,330
   d. Debris Removal:                        $51,165.10
   e. Debris Removal Extension:              $10,223.02
   f. Debris Removal ID                      10,223.02
   g. Trees/Plants/Shrubs/Lawn:              $51,165.10
   h. Personal Property:                     $767,476
   i. Personal Property Debris Removal:      $38,373.80
   j. 10% Ordinance and Law                  $102,330.20

11. The Policy provides coverage for additional living expenses incurred to maintain a normal standard of living.

12. The Policy's insuring agreement provides coverage for sudden and accidental direct physical loss to the Property caused by fire.

13. Pursuant to its Policy, State Farm agreed to repair, rebuild, and replace damaged Property with materials of like kind and quality.

14. The Policy provides for replacement cost value benefits at the time in which repairs are to be made, not as of the date of loss. This coverage includes and contemplates any increase in cost that may arise based on a change in market conditions such as access to materials and labor.

15. The Policy also includes 20% Increased Dwelling coverage ("ID"), which per the terms of the Policy is paid as incurred.

16. However, State Farm management acknowledged in writing to the Colorado Division of Insurance, and to Plaintiffs, that while the Policy language provides that the ID coverage is paid as incurred, as a business practice with a total loss, the ID is paid upon receipt and review of the rebuild contract.

17. On October 21, 2020, during the Policy period, the Property suffered sudden and accidental direct physical loss caused by the East Troublesome Fire.

18. The East Troublesome Fire destroyed the Property (the "Loss"), including complete burn of the main residence and all dwelling extensions.

19. Plaintiffs were displaced due to the East Troublesome Fire Loss.

20. Plaintiffs promptly reported their Loss to State Farm and were assigned Claim Number 06-12S5-48D (the "Claim").

21.  State Farm assigned a claims adjuster to assist with adjustment of the Claim.

22.  On November 5, 2020, State Farm had an adjuster inspect the Property.

23.  On November 23, 2020, State Farm issued payment for Trees, Shrubs, and Landscaping in the amount of $51,165.10.

24.  On November 23, 2020, State Farm issued a Coverage A 50% advance payment in the amount of $511,165.10.

25.  On November 24, 2020, State Farm issued the statutorily required advance payment of 30% of Coverage B 30% in the amount of $229,242.80

26.  The cost to rebuild a log home in Grand County, such as Plaintiffs, is approximately $800.00 per square foot.

27.  State Farm knew, or should have known, that the cost to reconstruct the Property, a 4,600 square foot log home, would exceed the coverage limitations of the Policy based in part upon the actual cost to rebuild a log home in Grand County, such as Plaintiffs.



28.  State Farm reassigned the Claim to Dirk Anderson, a Claims Adjuster, to assist with adjustment of the Claim.

29. On February 25, 2021, over four months after the Loss, State Farm had not provided an estimate of the Loss.

30. On or about February 25, 2021, Plaintiffs requested that State Farm provide an update as to when State Farm would be providing the initial State Farm estimate.

31. On March 10, 2021, Plaintiffs submitted their initial personal property inventory totaling $623,425.64 to State Farm along with extensive photos documenting the contents of the Property.

32. On or before March 10, 2021, State Farm knew or should have known that additional personal property coverage was due and owing.

33. On March 15, 2021, almost five months after the Loss, State Farm submitted its initial estimate for damages to the Property.

34. The initial State Farm estimate did not reflect the fact that the Property lost to the East Troublesome Fire was a log home and only reflected stick-build construction and lumber.

35. The initial State Farm estimate was not corrected to reflect the building structure and materials of the home that was actually lost.

36. Despite the fact that the Property was a full log home structure, the initial State Farm estimate reflected a rebuild cost for stick frame home at approximately $304.00 per square foot.

37. Plaintiffs' submitted a letter from the Grand County Builder Association reaffirming that rebuild costs for a stick frame home range from $400.00 to $800.00 per square.

38. The rebuild of a log home in Grand County is substantially higher than $800.00 per square foot.

39. On March 15, 2021, State Farm issued payment under Coverage A Dwelling in the amount of $511,651.

40. State Farm's failure to conduct a timely, thorough, and accurate evaluation of the Claim led to the delay of covered benefits to Plaintiffs in the amount of $511,651 without a reasonable basis.

41. On or about March 16, 2021, Plaintiffs submitted a fully executed rebuild contract for the Property.

42. Due the significant increase in construction supplies and labor, Plaintiffs opted to rebuild a stick frame home.

43. State Farm had previously acknowledged that, while the policy provides Ordinance or Law coverage is on an incurred basis, State Farm's business practice is to pay its Increased Dwelling coverage and Ordinance or Law upon receipt and review of a signed rebuild contract.

44. On or before March 16, 2021, State Farm knew or should have known that Increased Dwelling Coverage was due and owing based upon its receipt of a fully executed rebuild contract for the Property.

45. On or before March 16, 2021, State Farm knew or should have known that, based on its own established business practices, Ordinance or Law Coverage was due and owing based upon its receipt of a fully executed rebuild contract for the Property.

46. State Farm reassigned the Claim to Holly Branch to assist with adjustment of the Claim.

47. State Farm's failure to timely conduct a thorough evaluation of the Claim, as further alleged above, and its failure to timely prepare an estimate of the scope and cost to rebuild the Property was inconsistent with property insurance industry standards.

48. More specifically, Colorado Division of Insurance Regulation 702-5:5-1-14(4)(A)(1)(a) provides that [a]ll insurers authorized to write property and casualty insurance policies in Colorado, shall make a decision on claims and/or pay benefits due under the policy within sixty (60) days after receipt of a valid and complete claim unless there is a reasonable dispute between the parties concerning such claim, and provided the insured has complied with the terms and conditions of the policy of insurance.

49. Colorado Division of Insurance Regulation 702-5:5-1-14(4)(A)(1)(b) provides that [i]f an insurer fails to make a decision and/or pay benefits due under the policy within sixty (60) days after a valid and complete claim has been received, and there is not a reasonable dispute between the parties, and the insured has complied with the terms and conditions of the policy of insurance, the Commissioner of Insurance may impose the following penalties to be paid by the insurer to the insured: . . . (2) If the claim is more than $100.00, the penalty shall be 8 percent annual interest on the amount of benefits due, computed from the latest of the time a valid and complete claim is received, the reasonable dispute was resolved, or the insured complied with the terms and conditions of the policy, until the time the benefits due are paid by the insurer.

50. On April 9, 2021, State Farm acknowledged its failure to make a decision and/or pay benefits due to Plaintiffs under the Policy within sixty (60) days after a valid and complete claim had been received.

51. On April 9, 2021, State Farm issued payment for interest in the amount of $14,578.53 for its failure to make a decision and/or pay benefits due to Plaintiffs under the Policy within sixty (60) days after a valid and complete claim had been received pursuant to Colorado Division of Insurance Regulation 702-5:5-1-14(4).

52. The interest payment issued by State Farm was based on its failure to timely issue additional payment for Coverage A until March 15, 2021.

53. On May 17, 2021, Plaintiffs provided State Farm a detailed breakdown of the total cost to rebuild the Property, as well as a detailed spreadsheet of costs attributable to Ordinance or Law.

54. On or before May 17, 2021, State Farm knew or should have known that Ordinance or Law coverage was due and owing based upon its receipt of detailed breakdown of the total cost to rebuild the Property, as well as a detailed spreadsheet of costs attributable to Ordinance or Law.

55. On or about May 18, 2021, the State Farm adjuster requested that the rebuild contract that was previously submitted to State Farm on March 16, 2021, be resent to her.

56. On or about June 7, 2021, the State Farm adjuster requested that Plaintiffs re-enter their entire contents spreadsheet with description, age, condition and replacement cost into the State Farm online system.

57. The Policy does not require Plaintiffs to enter their entire contents spreadsheet with description, age, condition and replacement cost into the State Farm online system.

58. Notwithstanding, the State Farm online system does not allow a printout and the best available condition of an item submitted into the State Farm online system is "above average". Excellent or "like new" or not options for the online system.

59. On June 25, 2021, State Farm issued payment under Coverage A Increased Dwelling and debris removal in the amount of $266,058.52.

60. State Farm's failure to conduct a timely evaluation of Coverage A Increased Dwelling and debris removal led to the delay of covered benefits to Plaintiffs in the amount of $266,058.52 without a reasonable basis.

61. On or about July 15, 2021, State Farm unreasonably failed to issue payment for the B contents coverage based on needing detail such as price of individual cookbooks, the age of the dog food, age of food in the refrigerator.

62. On September 29, 2021, over eleven months after the Loss and almost seven months after submitting their initial personal property inventory, Plaintiffs demanded an update as to the status of their Coverage B review and requested that the undisputed items be released.

63. State Farm reassigned the claim to Anna Porter, a Large Loss Reconciliation Specialist, to handle the Claim.

64. On November 12, 2021, over one year after the Loss and eight months after submitting their initial personal property inventory, State Farm issued payment for Coverage B policy limits.

65. State Farm's failure to conduct a timely evaluation of Coverage B led to the delay of covered benefits to Plaintiffs in the amount of $538,233.20 without a reasonable basis.

66. On November 12, 2021, State Farm issued payment for all remaining Coverage limits.

67. On November 12, 2021, State Farm issued additional monies for interest as a result of violating Colorado Regulation 702-5-1-14 Sec. 4(1)(b) for Coverage A, Coverage B, and Coverage C.

68. State Farm's failure to promptly pay under the Policy resulted in a delay of covered benefits to Plaintiffs without a reasonable basis.

69. Plaintiffs have complied with all conditions precedent to filing these actions and/or State Farm has waived such conditions.

## **FIRST CLAIM FOR RELIEF**
### (Unreasonable Delay and Denial of Payment of Covered Benefits Pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116)

70. Plaintiffs reallege and reaffirm paragraphs 1-69 as if fully set forth herein.

71. Under Colorado Revised Statute § 10-3-1115, an insurer who delays or denies payment to an insured without a reasonable basis for its delay or denial is in breach of the duty of good faith and fair dealing.

72. Under Colorado Revised Statute § 10-3-1115, an insurer's delay or denial is unreasonable if the insurer delayed or denied authorizing payment of a covered benefit without a reasonable basis for that action.

73. Plaintiffs are first-party claimants within the meaning of Colorado Revised Statute § 10-3-1115.

74. State Farm is an insurer within the meaning of Colorado Revised Statute § 10-3-1115.

75. State Farm delayed and denied payment of covered benefits to Plaintiffs as alleged in the preceding paragraphs of the Complaint without a reasonable basis for its actions.

76. As more fully alleged in the paragraphs above, State Farm failed to conduct a timely and thorough evaluation of the Claim. State Farm knew, or should have known, that dwelling coverage limits were due and owing following its initial inspection of the Property. State Farm's failure to promptly release dwelling coverage limits led to an unreasonable delay of covered insurance benefits to Plaintiffs.

77. As more fully alleged in the paragraphs above, State Farm's failure to timely issue additional payment for personal property contents until November 12, 2021, resulted in an unreasonable delay of covered benefits to Plaintiff without a reasonable basis. State Farm knew, or should have known, that additional personal property coverage was due and owing following its initial inspection of the Property and no later than Plaintiffs' submission of their personal property inventory on March 10, 2021, eight months earlier.

78. As more fully alleged in the paragraphs above, State Farm's repair estimates did not provide for the reasonable cost to replace the Property given the market conditions and increases in labor and materials in Grand County. State Farm's failure to properly evaluate the market conditions of Grand County led to an unreasonable delay in the processing of the Claim and payment of covered insurance benefits to Plaintiffs.

79. As more fully alleged in the paragraphs above, State Farm's unreasonable delay in the payment of covered benefits to Plaintiffs was confirmed through its issuance of additional monies for interest as a result of violating Colorado Regulation 702-5-1-14 Sec. 4(1)(b).

80. Measured against objective insurance industry standards for claims handling and payment, State Farm's actions have unreasonably delayed payment of the Loss and damage.

81. Measured against Colorado Regulation 702-5-1-14, State Farm's actions have unreasonably delayed payment of the Loss and damage.

82. Based upon the foregoing paragraphs, Plaintiffs are therefore entitled to two times the covered benefits that have been delayed and denied to them, attorneys' fees, and costs pursuant to C.R.S. § 10-3-1116, together with interest at the highest rate allowed by law.

## SECOND CLAIM FOR RELIEF
### (Common Law Bad Faith)

83. Plaintiffs reallege and reaffirm paragraphs 1-82 as if fully set forth herein.

84. State Farm owed duties arising from the Policy's implied covenants of good faith and fair dealing, under which State Farm covenanted that it would, in good faith and in the exercise of fair dealing, deal with Plaintiffs fairly and honestly, faithfully perform its duty of representation, and do nothing to impair, interfere with, hinder, or potentially injure Plaintiffs' rights to receive the benefits provided by the Policy.

85. An insurer breaches its duty of good faith and fair dealing when it engages in unfair claim settlement practices, denying and delaying due payment of available benefits under the Policy.

86. At all times, Plaintiffs fulfilled their obligations under the Policy and acted in accordance with their duty of good faith and fair dealing.

87. State Farm breached its covenant of good faith and fair dealing that it owes to Plaintiffs by engaging in a pattern of conduct designed to deprive Plaintiffs' of their rights and benefits under the Policy.

88. As described in more detail above, State Farm and its agents either knowingly, or with reckless disregard to their actions, underestimated the Claim in an effort to drive down the amount of covered benefits payable to Plaintiffs.

89. As described in more detail above, State Farm strung out the Claim and low-balled the actual cost to repair damage to the Property. State Farm's initial evaluation was grossly insufficient given the market conditions of Grand County. State Farm failed to conduct a timely or objectively reasonable investigation. Consequently, Plaintiffs have been delayed in their ability to timely rebuild their Property.

90. As demonstrated by the paragraphs above, State Farm has failed to adopt and implement reasonable standards for the prompt investigation of claims arising under its insurance policies. While liability for coverage was reasonably clear, State Farm did not attempt in good faith to effectuate a prompt, fair, and equitable resolution of the Claim.

91. State Farm knew or should have known that its decision to delay payment of available policy benefits to indemnify the loss and damage would cause Plaintiffs financial distress and pecuniary loss.

92. State Farm's conduct has resulted in an avoidable harm to Plaintiffs.

93. It is apparent from State Farm's conduct in the handling of Plaintiffs' Claim that State Farm has adopted a plan or approach to delay, as much as possible, its handling and payment of the Claim.

94. State Farm has committed such actions willfully and with such frequency as to indicate a general business practice.

95. Plaintiffs have suffered, and continue to suffer actual damages, due to State Farm's breach of its covenant of good faith and fair dealing.

96. As a direct and proximate result of State Farm's actions, Plaintiffs have:

   (a) Incurred and will incur in the future increased costs to repair, restore and/or replace the significant property damage;
   (b) Suffered and will continue to suffer damages as a foreseeable and proximate result of the misconduct alleged; and
   (c) Suffered and will continue to suffer other expenses, including attorneys' fees, public insurance adjuster fees, investigatory fees, and other losses.

## **DEMAND FOR JURY TRIAL**

97. Plaintiffs demand trial by jury with respect to all claims and issues triable to a jury.

## **REQUEST FOR RELIEF**

98. Plaintiffs respectfully request that this Court enter judgment in their favor and against State Farm as follows:

   (a) For statutory damages and penalties pursuant to C.R.S. §§ 10-3-1115, 1116;

   (b) For all costs, expenses, and attorney fees incurred by Plaintiffs as allowed by any statute, court rule, or contract;

   (c) For damages caused by the bad faith breach of insurance contract by State Farm;

   (d) For pre-judgment and post-judgment interest as permitted by statute or court rule; and

    (e)  For such other relief as the Court may deem just and proper.

Dated: April 29, 2022    Respectfully submitted,

          *s/Natascha O'Flaherty*
          Natascha O'Flaherty, #22183
          Never Summer Law, LLC
          70 E Agate Ave, Unit H
          Granby, Colorado 80446
          Telephone: (303) 520-5000
          E-Mail: Natascha@neversummerlaw.com
          *Attorney for Plaintiffs*